IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIM HARDY and DARLENE HARDY,

    Plaintiffs,

    v.

COUNTY OF EL DORADO, DEPUTY SHERIFF DAVID COOK, TONY'S TOW, BONANZA AUTO DISMANTLERS, and DOES 1 through 50,

    Defendants.

No. 2:07-CV-0799 JAM EFB

ORDER DENYING EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

    The matter before the court is Plaintiffs Tim Hardy and Darlene Hardy's ("Plaintiffs") *Ex Parte* Application ("Application") to modify the Rule 16 pretrial scheduling order ("Scheduling Order") filed on March 4, 2008.  Plaintiffs request that the Court modify the Scheduling Order to extend the discovery cut-off date from August 15, 2008 to September 15, 2008 and the deadline for filing dispositive motions from September 17, 2008 to September 24, 2008.  The Plaintiffs request an extension "primarily to allow time to submit requests

1

for admissions, production of documents, and possible additional depositions." The County of El Dorado and Deputy Sheriff David Cook oppose the Application. For the reasons set forth below, Plaintiffs' Application is DENIED.[1]

I.

A. <u>Legal Standard</u>

A district court's pretrial scheduling order shall not be modified absent a showing of "good cause." Fed.R.Civ.P. 16(b); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " <u>Johnson</u>, 975 F.2d at 609 (quoting Fed.R.Civ.P. 16 advisory committee's note (1983 amendment)). The focus of the inquiry is on the moving party's reasons for seeking modification, not the prejudice caused to the party opposing the modification. <u>Id.</u> If the moving party is not diligent, the inquiry ends. <u>Id.</u>

To demonstrate diligence, the moving party may be required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its

---

[1] This matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order.  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  <u>Johnson</u>, 975 F.2d at 609.

B.   <u>Analysis</u>

Plaintiffs offer two justifications for modifying the Scheduling Order.[2]  First, Plaintiffs contend that their counsel has been unable to work full-time since May 2008 due to illness and chronic pain.  Second, Plaintiffs contend that their counsel has been unable to complete discovery due to obligations in another case.  Plaintiffs have failed to show good cause to modify the Scheduling Order.  Specifically, Plaintiffs have failed to demonstrate diligence in complying with the Scheduling Order's deadlines or in seeking to amend the Scheduling Order once it became apparent that they could not comply with the

---

[2] Plaintiffs Application does not address Rule 16(b)'s "good cause" requirement.  Instead, Plaintiffs request that the Court modify the Scheduling Order pursuant to Local Rule 6-144.

order. For instance, Plaintiffs' Application is devoid of a persuasive explanation as to why the referenced discovery was not conducted earlier.³ Nor does the Application adequately explain why an extension of time was not sought earlier. Indeed, requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does not constitute diligence. Accordingly, the Court denies Plaintiffs' Application to modify the Scheduling Order.

## II.

For the reasons set forth above, Plaintiffs' Application is DENIED.

IT IS SO ORDERED.

Dated:   August 20, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

³ While Plaintiffs claim that their counsel was unable to work full-time since May 2008, they admit that he tried a case from June 9, 2008 to June 27, 2008.

4