IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM HARDY and DARLENE HARDY,<br><br>          Plaintiffs,<br>     v.<br><br>COUNTY OF EL DORADO, DEPUTY SHERIFF DAVID COOK, TONY'S TOW, BONANZA AUTO DISMANTLERS, and DOES 1 thru 50,<br><br>          Defendants. | No. Civ. 2:07-CV-0799 JAM EFB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND/OR EXCESS FEES AND COSTS |

This matter is before the Court on Defendants County of El Dorado ("County") and Deputy Sheriff David Cook's ("Cook") (collectively "Defendants") motion for attorneys' fees and/or excess fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.[1]  Plaintiffs Tim Hardy and Darlene Hardy (collectively "Plaintiffs") oppose the motion.  For the reasons set forth below, Defendants' motion is DENIED.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

1

BACKGROUND

On January 19, 2008, the Court issued a comprehensive order which dismissed all causes of action except for Plaintiffs' first and fourth claims for relief for violation of their Fourth Amendment rights under 42 U.S.C. § 1983, Plaintiffs' seventh cause of action for declaratory relief against County, and Plaintiffs' municipal liability claims only as they pertain to the alleged Fourth Amendment violations.  Docket ("Doc.") # 58. On November 13, 2008, the Court granted Defendants' motion for summary judgment as to Plaintiffs' remaining claims.  Doc. # 112.  In the instant motion, Defendants, as the prevailing party in this litigation, filed a motion for award of attorney's fees and/or excess fees and costs.  Doc. # 120.  Plaintiffs oppose the motion.  Doc. # 122.

OPINION

First, Defendants argue they are entitled to attorneys' fees under 42 U.S.C. § 1988.  The authorization of an award of attorneys' fees under § 1988 applies differently to prevailing defendants than to prevailing plaintiffs.  Plaintiffs prevailing in a civil rights action should ordinarily recover attorneys' fees unless special circumstances would render such an award "unjust."  However, a prevailing defendant should not routinely be awarded attorneys' fees simply because he has succeeded, but rather only where the action is found to be "unreasonable,

frivolous, meritless, or vexatious." <u>Vernon v. City of Los Angeles</u>, 27 F.3d 1385, 1402 (9th Cir. 1994); <u>see also</u> <u>Roberts v. Spalding</u>, 783 F.2d 867, 874 (9th Cir.), *cert. denied*, 479 U.S. 930, 107 S. Ct. 399, 93 L.Ed.2d 352 (1986)(internal citations omitted). Ultimately, the standard for awarding a prevailing defendant attorneys' fees pursuant to 42 U.S.C. § 1988 is high. "The mere fact that a defendant prevails does not automatically support an award of fees." <u>Vernon</u>, 27 F.3d at 1402. Further, Courts should be cautious when considering an award to a prevailing defendant where the lawsuit was initiated by a party with limited financial resources or one who is appearing pro se. <u>See</u> <u>Miller v. Los Angeles County Bd. Of Educ.</u>, 827 F.2d 617, 619 (9th Cir. 1987).

Here, Defendants present arguments in support of their motion that Plaintiffs' claims were frivolous, meritless, and vexatious. A case is frivolous when "the result is obvious and [] the arguments are wholly without merit." <u>Vernon</u>, 27 F.3d at 1402. Having read and reviewed the arguments, the Court cannot conclude that Plaintiffs' claims were "wholly without merit." While Plaintiffs' claims did not merit relief, their causes of action were plausible. "[E]ven if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit." <u>Hughes v. Rowe</u>, 449 U.S. 5, 15 (1980)(citing

3

Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). "[A] district court must exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be 'airtight.'" See EEOC v. Bruno's Restaurant, 13 F.3d 285, 287 (9th Cir. 1993) (quoting Christianburg 434 U.S. at 422). Although Plaintiffs' claims were not 'airtight' and ultimately failed on the merits, their claims cannot be deemed clearly frivolous as Plaintiffs had a reasonable ground to bring suit. Moreover, in Tim Hardy's declaration, he states that he and his wife, Darlene Hardy, are indigent. Doc. # 123. Granting Defendants' motion for attorneys' fees would impose a severe financial hardship on the Plaintiffs. Accordingly, the Court declines to exercise its discretion under 42 U.S.C. § 1988 to award attorneys' fees against Plaintiffs Tim Hardy and Darlene Hardy in favor of Defendants.

Second, Defendants assert that attorneys' fees should be granted in favor of prevailing defendants in actions under 42 U.S.C. § 1983 because "to hold otherwise would be to deprive an entire class of successful litigants equal protection in violation of the Fourteenth Amendment." Defs' Mot. at 8:12-16. However, Defendants do not cite a single case to support this assertion nor do they set forth a detailed equal protection argument in their motion. Binding Supreme Court precedent

4

states that a prevailing defendant in a § 1983 action is entitled to an attorneys' fee award under § 1988 *only if* the plaintiffs' claims were "frivolous, unreasonable, or without foundation." Hughes v. Rowe, 449 U.S. 5, 14 (1980)(citing Christianburg, 434 U.S. at 421). Because 42 U.S.C. § 1988 is legislation which does not affect fundamental rights or rely on suspect classifications, it does not offend the equal protection clause unless the classification bears no rational relationship to a legitimate state interest. Fields v. Legacy Health System, 413 F.3d 943, 955 (9th Cir. 2005). The classification between prevailing plaintiffs and prevailing defendants in § 1983 actions is rationally related to Congress' interest in promoting vigorous enforcement of civil rights laws. As such, the Court rejects Defendants' equal protection argument.

Finally, Defendants argue excessive fees and costs should be imposed upon Plaintiffs' counsel, Thomas Ho'okano, pursuant to 28 U.S.C. § 1927. 28 U.S.C. § 1927 allows a Court to require "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Ninth Circuit has held that the language "unreasonably and vexatiously" prescribed in § 1927 requires a finding of "intent, recklessness or bad faith." Barnd v. Tacoma, 664 F.2d 1339,

1343 (9th Cir. 1982); B.K.B. v. Maui Police Dep't., 276 F.3d 1091, 1107 (9th Cir. 2002).  "Section 1927 sanctions must be supported by a finding of subjective bad faith," which "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  B.K.B., 276 F.3d at 1107 (citation omitted).

    Based on the pleadings and the evidence presented, the Court cannot conclude the action was wholly without merit or lacked even an arguable basis in fact or law, or was otherwise sanctionable.  Defendants argue that Ho'okano multiplied the proceedings by seeking leave to file an amended complaint, in involving County as a Defendant, in joining Bonanza Auto Dismantlers as a Defendant, and in allowing the remaining claims against Cook and County to proceed to summary judgment.  Defs' Mot. at 13:14-28 thru 16:1-9.  However, these actions did not "multiply" the proceedings.  They are a common means of litigation, which Defendants have failed to demonstrate were conducted by Ho'okano with subjective bad faith or recklessly. Allowing the claims to proceed to summary judgment is a common means of disposing of non-meritorious cases. Thus, sanctions

    //

    //

    //

under § 1927 are not warranted in this case and the Court denies Defendants' § 1927 motion for excess fees and costs.

ORDER

For the reasons stated above, Defendants' motion for attorneys' fees and/or excess fees and costs is DENIED.

IT IS SO ORDERED.

DATED: February 20, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE